IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

    Plaintiff,

v.                                           CASE NO. 1:16-cv-002-MW-GRJ

BI-LO HOLDINGS LLC/
WINN-DIXIE STORES, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 59.  Defendant has filed a response in opposition, ECF Nos. 60–61, and the motion therefore is ripe for review. For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be **DENIED**.

### I.  Background

Plaintiff initiated this case by filing a *pro se* complaint asserting racial discrimination and retaliation claims under Title VII. (ECF No. 1.) According to the allegations of the Complaint, Plaintiff was employed by the Defendant from January 10, 2015 until March 21, 2015. (*Id.*) Plaintiff alleges that he filed complaints about discrimination on March 13, 2015. (*Id.*) Plaintiff also states he requested, and was granted, a leave of

absence on March 13, 2015, and upon his return, Defendant unlawfully terminated his employment. The Complaint alleges that Defendant discriminated against Plaintiff based on Plaintiff's race and retaliated against Plaintiff for complaining about mistreatment and discrimination. (*Id.*) In the instant summary judgment motion, Plaintiff contends that he is entitled to summary judgment because he has met his burden of showing *prima facie* violations of Title VII, and Defendants have failed to provide evidentiary materials which show there is any genuine issue of material fact. (ECF No. 59 at 4.)

## II.  Summary Judgment Standard of Review

Under Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988).  As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the

moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

### III.  Plaintiff's Motion and Evidence

Plaintiff contends that Defendant violated Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§ 2000e, et seq., which prohibits employers from discriminating on the basis of race and retaliating against employees in response to an employee's complaint of discrimination. (ECF No. 1.)  Plaintiff says that the summary judgment evidence establishes that Defendant terminated his employment because of his race and in retaliation for his complaints of discrimination. (ECF No. 59 at 6.)

Plaintiff alleges that the summary judgment evidence establishes that Defendant unlawfully retaliated against him after he made both formal and

informal complaints of discrimination and mistreatment. (ECF No. 59-2 at 10.)  Plaintiff further claims that Defendant's offered non-discriminatory reasons for termination are a mere pretext for retaliation, as evidenced by prior inconsistent statements regarding his termination and blatantly racially discriminatory remarks made by Defendant's employee Rogers. (ECF No. 59 at 20–21.)  And finally, Plaintiff alleges that he has established that but-for the filing of his complaints about discrimination he would not have been terminated, as evidenced by the temporal proximity of the complaints and his termination. (ECF No. 59 at 21.)

    Plaintiff contends that the summary judgment evidence establishes that Defendants racially discriminated against him because he is African American and therefore a member of a protected class. Plaintiff alleges that evidence establishes that he was meeting the legitimate expectations of Defendant at the time of his termination because he had received no write-ups or negative performance evaluations. (ECF No. 59 at 24.) Further, Plaintiff claims that Defendant's employee, Rogers, told Plaintiff before  terminating him on March 21, 2015, "boy you work for us, and we can't have any blacks making complaints against the store". (ECF No. 59 at 24.) Plaintiff points to this as direct evidence of discrimination. And

finally, Plaintiff alleges that Glenn Velasquez, a white employee, was treated more favorably in a similar situation, when Velasquez requested leave to serve a jail sentence and his job was held for him until he was released. (ECF No. 59 at 25.)

In response to Plaintiff's motion, Defendant counters that there are genuine disputes of material fact regarding multiple elements of Plaintiff's Title VII claims. Defendant first points to the dramatic shift in testimony from Plaintiff's first to second deposition, and argues that where a witnesses's testimony has dramatically changed the evidence resulting from the variances is a question of fact, raising credibility issues. (Docs. 60 at 13–15, 61 at 20.)

Further, Defendant denies that Rogers ever made the statement described by Plaintiff and points to deposition testimony of Cromwell, present at the time the alleged statement was made, supporting Defendant's position that such a statement was not made. (*See* ECF No. 61-2 at 4.) Defendant also argues that at no point had Plaintiff requested or been granted a leave of absence. (ECF No. 60 at 2). In support of this assertion Defendant points to Winn-Dixie's Leave of Absence Policy, which evidences that Plaintiff was ineligible for a leave of absence at the time of

the alleged request. (*See* ECF No. 61-2 at 17–18.) In addition, Defendant asserts that Plaintiff's allegations generally lack evidentiary support and therefore fail to establish a *prima facie* case for either retaliation or racial discrimination. (ECF No. 60 at 11–12.)

## IV. Discussion

In order to establish a *prima facie* claim for retaliation under Title VII, Plaintiff must establish the following elements: (1) that he engaged in statutorily protected activity; (2) that he suffered a materially adverse employment action; and (3) that there was a causal link between the two events. *Dixon v. The Hallmark Companies, Inc.*, 627 F.3d 849, 856 (11th Cir. 2010).  If a plaintiff establishes a *prima facie* case, the burden shifts to the employer to proffer a legitimate, non-discriminatory reason for the adverse employment action.  *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997).  If the employer meets this burden, then the employee must show that the proffered explanation is a pretext for retaliation.  *Id*. Evidence of pretext sufficient to survive summary judgment must show such weakness, implausibilities, or other defects in the proffered reason that "a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997).

In order to establish a *prima facie* claim for racial discrimination under Title VII, Plaintiff may show: (1) direct evidence of discriminatory intent; (2) statistical proof of a patter of discrimination; or (3) circumstantial evidence under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Holifield v. Reno*, 115 F.3d 155, 1561–62 (11th Cir. 1997). Under *McDonnell Douglass*, a plaintiff establishes a *prima facie* case of racial discrimination under Title VII by showing: (1) he belongs to a racial minority; (2) he was subjected to adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job. *McDonnell Douglass*, 411 U.S. at 802.

In this case, Defendant's summary judgment evidence (ECF Nos. 60–61) calls into question the accuracy of Plaintiff's assertions regarding almost all elements of Plaintiff's claims. Both parties have presented conflicting testimony concerning whether Plaintiff engaged in a statutorily protected activity and whether there was a causal link between his termination and the protected activity. Further, Defendant argues that Plaintiff has failed to offer evidence showing that Defendant's legitimate, non-discriminatory reason for termination was a pretext. Further issues of fact include whether Rogers in fact made the alleged blatantly racial

remark, and whether Plaintiff asked for, or received, a leave of absence to cover the period Defendant claims Plaintiff missed his shifts.

Defendant also points out that Plaintiff's documents submitted in regard to Velasquez are unauthenticated and should therefore be stricken. (ECF No. 60 at 11.) Even assuming the documents were authenticated, Defendant argues the documents have no bearing on this case because the facts of Velasquez's leave of absence are not similarly situated to the facts of the instant case. (ECF No. 60 at 28–29.)

On this record, the Court finds that the substantial amount of conflicting testimony, as summarized above, and the likely need to assess the credibility of the witnesses, creates genuine disputes of material fact which preclude the entry of summary judgment in Plaintiff's favor.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion For Summary Judgment, ECF No. 59, should be **DENIED**.

**IN CHAMBERS** this 16th day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**