IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

      Plaintiff,

v.                                     CASE NO. 1:16-cv-2-MW-GRJ

WINN-DIXIE STORES, INC.,

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This case is before the Court on ECF No. 67, Defendant's motion to dismiss, or alternatively stay, this case due to Plaintiff's failure to pay an attorneys fee award entered by the Court as a discovery sanction. *See* ECF Nos. 47, 64. Plaintiff filed a response in opposition to the motion, ECF No. 68, and a response to the Court's order to show cause as to why Plaintiff is unable to pay the fee award in a lump sum. ECF No. 73. The Defendant's motion is therefore ripe. For the following reasons, the undersigned recommends that the motion to dismiss or stay this case be denied and that Plaintiff be ordered to make reasonable periodic payments to satisfy the fee award.

This Court granted Defendant Winn-Dixie Stores, Inc.'s motions to compel Plaintiff's deposition testimony and motion for sanctions, ECF Nos.

37 and 48, and found that Plaintiff failed, without justification, to provide complete discovery responses.  The Court determined that Plaintiff's deposition as a whole reflected a lack of good faith and a willful effort to evade answering reasonable questions within the scope of discovery. These findings supported a conclusion that Defendant was entitled to sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A).  ECF Nos. 47 and 51. The Court determined that Defendant was entitled to the sum of $7316.80 for attorney's fees, and entered an order awarding such fees.  ECF No. 64. The Court ordered Plaintiff to submit payment to counsel within thirty (30) days of the date of the January 25, 2017, Order.  *Id*.

The exhibits to Defendant's motion to dismiss reflect that Plaintiff stated to Defendant via email his opinion that in the event the fee award is reduced to a judgment, such judgment would be uncollectible.  ECF No. 67-2.

Plaintiff filed a response in opposition to the motion to dismiss that contested the fee award and averred, without support, that Plaintiff cannot afford to pay the full amount of the fee award at once.  ECF No. 68. Plaintiff argues that there are no grounds to dismiss or stay his case "until a payment plan and/or arrangement is made between the parties."  Plaintiff

further argues that the Consumer Credit Protection Act limits the amount that could be garnished from his wages to satisfy the fee award. *Id*.

The Court determined that Plaintiff should be afforded an opportunity to show cause as to why the sanction of dismissal is not appropriate for his failure to comply with the Court's order to pay the fee award. Specifically, the Court stated that Plaintiff must support his claim of inability to pay with competent evidence establishing such inability and showing why he is unable to make regular partial payments to counsel. ECF No. 72. Plaintiff has responded to the order to show cause by submitting evidence in support of his assertions. ECF No. 73.

Plaintiff is proceeding *pro se* and *in forma pauperis* in this case. ECF Nos. 1, 4. Plaintiff's evidence submitted in response to the show cause order reflects the following. Plaintiff states that his biweekly take-home pay is between $420-$500. ECF No. 73, Exh. 2 (paystubs for June 23, 2017, and July 7, 2017, reflecting take-home pay of $420 and $485, respectively). Plaintiff leases an apartment with a rent payment of $450 per month. *Id*. Exh. 3. Plaintiff submitted a telephone bill reflecting a monthly payment of $60. *Id*. Exh. 4. Plaintiff represents that he has other living expenses such as food and personal hygiene products. *Id*. at 3.

Plaintiff further represents that at the time of his response to the show cause order his bank account balance was less than $4.  *Id.* Exh. 6.

Plaintiff also states that he will consent to a Writ of Garnishment through his employer to satisfy the fee award.  However, he contends that if his paychecks are less than $435 biweekly then "nothing can be & nothing will be garnished by the Defendant."  *Id*. at 2.

The law of garnishment is not relevant to the Court's determination as to the proper disposition of this case in the face of Plaintiff's failure to comply with the fee award.  Fed. R. Civ. P. 41 (b) allows for involuntary dismissal of an action if the plaintiff fails to prosecute or to comply with the rules *or a court order*, and a defendant moves to dismiss the action or any claim against it.  Any dismissal pursuant to 41(b) operates as an adjudication on the merits.  The Eleventh Circuit has stated that dismissal under Fed. Rule Civ. P. 41(b) is appropriate only if  "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies Ltd.*, 432 F.3d 1333, 1339 (11th Cir. 2005); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).

There is plainly no basis for wholly excusing Plaintiff's failure to pay

the Court's sanction, which was imposed to address Plaintiff's lack of good faith in the discovery process. The Court finds, however, that Plaintiff has shown cause for his failure to pay the full fee award in a lump sum due to inability to pay, and that a lesser sanction than dismissal will suffice to address such failure. Based upon Plaintiff's show cause response, the Court is persuaded that Plaintiff can, and should, be required to make regular, reasonable payments to satisfy the Court's sanction. The Court finds that a biweekly payment to Defendant in the amount of $50 is reasonable under the circumstances.

There are no further dispositive matters pending in this case, and the deadline for filing dispositive motions has elapsed. *See* ECF No. 51. Accordingly, the case is now in a posture to be set for trial, and there is no basis for staying the case pending Plaintiff's compliance with such an order.

Accordingly, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss or stay this case, ECF No. 67, be **DENIED** and that the Court enter an order requiring Plaintiff to make biweekly payments to Defendant in the amount of $50, beginning with Plaintiff's first full pay period following entry of such an order. It is further **RECOMMENDED** that

this matter be set for trial and that the district judge enter an order

establishing final pretrial procedures.

**IN CHAMBERS** this 18th day of October 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**